U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

APR 23 2012

CLERK, U.S. DISTRICT COURT

By _____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TEXAS HEALTH RESOURCES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-503-A |
| | § | |
| AETNA HEALTH INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion for summary judgment
filed in the above action by defendant, Aetna Health Inc.
Plaintiff, Texas Health Resources, filed a response, and
defendant filed a reply.  Upon consideration of all of the
parties' filings, the entire record in this case, and the
applicable legal authorities, the court has become concerned that
defendant failed properly to establish the basis of this court's
jurisdiction.  Accordingly, the court is holding the summary
judgment motion in abeyance pending further submissions of the
parties, as set forth herein.

I.

Background of the Suit

Plaintiff initiated this removed action by the filing on
March 14, 2011, of its original petition in the District Court of
Tarrant County, 153rd Judicial District.  Defendant removed the

case to federal court following the filing by plaintiff on June

29, 2011, of its first amended petition ("Petition").

The relevant portions of the Petition are found in two

paragraphs, set forth below in their entirety:

> 4.  Facts.  Plaintiff rendered medical services to
> twenty (20) patients who have health benefits issued by
> or administered by Defendant.  These patients are
> identified in Exhibit 1, which is attached and
> incorporated by reference to this petition.  Every
> effort has been made to preserve the privacy of the
> patients, thus they are identified in this petition by
> their AETNA identification number.  Exhibit 1 lists the
> dates of service for each patient, the full charges for
> the services, the amount paid, and brief explanation of
> the issue in dispute on the claim.
>
> 5.  Breach of Contract.  Plaintiff and Defendant
> have an agreement that governs how services are to be
> priced and paid.  Defendant has breached this contract
> because it failed to fully pay the claims in accordance
> with the contract.  For each claim given in Exhibit 1,
> AETNA has either paid late or has not fully paid the
> amount expected under the contract.  The contract
> contains a liquidated damages provision mirroring the
> prompt pay statute in the Texas Insurance Code that
> results in a loss of the discounted rate otherwise
> available to Defendant.  Hospital has sustained damages
> as a result of AETNA's breach and seeks payment of
> liquidated damages in addition to the contractual
> amount due.

Notice of Removal of Civil Action, Ex. 1-E at 2.

Defendant alleged as the basis of the court's subject matter

jurisdiction that plaintiff's claims are completely preempted by

the civil enforcement scheme in the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).

II.

The Summary Judgment Motion

Defendant abandoned its claim of preemption under § 1132 in its motion for summary judgment.  Instead, defendant argued in favor of summary judgment on the grounds that

> ERISA Section 514(a), codified at 29 U.S.C. § 1144(a), preempts all of Plaintiff's state law claims arising out of Aetna's administration of the ERISA Plans. Specifically, under Section 514(a), ERISA preempts any state law that 'relates to' an ERISA plan.

Br. in Supp. of Mot. for Partial Summ. J. by Def. Aetna Health Inc. ("Def.'s Br.") at 8-9 (emphasis in original).  In a footnote, defendant further explained:

> "Conflict preemption," or ordinary preemption, under Section 1144(a) arises when federal law conflicts with state law and is a defense to a state law claim. "Complete preemption" of a state law claim by Section 1132(a)(1)(B) by contrast, transforms a state law claim into a federal one and provides the basis for federal removal jurisdiction.  See Arana v. Ochsner Health Plan, 338 F.3d 433, 439 (5th Cir. 2003) (en banc). Here, the relevant analysis is conflict preemption.

Id. at 9 n.41 (quotation marks in original).

III.

Analysis

Plaintiff raised no challenge to the removal of the case to this court based on ERISA preemption, although it now argues against preemption in its response to defendant's summary judgment motion.  However, the court has the "responsibility to

3

consider the question of subject matter jurisdiction <u>sua</u> <u>sponte</u>
if it is not raised by the parties and to dismiss any action if
such jurisdiction is lacking." <u>Giannakos v. M/V Bravo Trader</u>,
762 F.2d 1295, 1297 (5th Cir. 1985).

A.    <u>General Principles of Subject Matter Jurisdiction</u>

As the party invoking federal court removal jurisdiction,
defendant bears the burden of establishing federal court
jurisdiction over the state court suit. <u>Carpenter v. Wichita
Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995); <u>Willy
v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).
"[B]ecause the effect of removal is to deprive the state court of
an action properly before it, removal raises significant
federalism concerns . . . ." <u>Carpenter</u>, 44 F.3d at 365.
Therefore, strict construction of the removal statute is
mandated. <u>Id.</u> at 366. Remand is the proper course if there is
any doubt about the existence of jurisdiction. <u>Delgado v. Shell
Oil Co.</u>, 890 F. Supp. 1324, 1341 (S.D. Tex. 1995).

Whether federal question jurisdiction exists is determined
under the "well-pleaded complaint" rule. <u>Franchise Tax Bd. v.
Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983). That
is, the existence of federal question jurisdiction is determined
solely from what appears on the face of the plaintiff's

complaint.  Id. at 10; Willy, 855 F.2d at 1165.  "[A] case may
not be removed to federal court on the basis of a federal
defense, including the defense of pre-emption, even if the
defense is anticipated in the plaintiff's complaint, and even if
both parties concede that the federal defense is the only
question truly at issue."  Caterpillar, Inc. v. Williams, 482
U.S. 386, 393 (1987) (emphasis in original).  "The [well-pleaded
complaint] rule makes the plaintiff the master of the claim; he
or she may avoid federal jurisdiction by exclusive reliance on
state law".  Id. at 392.

B.   Preemption

     1.   Complete Preemption

     An exception to the well-pleaded complaint rule exists where
there is complete preemption of the state claim by federal law.
Id. at 393.  Complete preemption applies only in extraordinary
circumstances when Congress intends not only to preempt certain
state law, but to replace it with federal law.  Metro. Life Ins.
Co. v. Taylor, 481 U.S. 58, 66 (1987); Willy, 855 F.2d at 1165.
It requires a clearly manifested congressional intent to make
causes of action removable to federal court.  Willy, 855 F.2d at
1166.  In Caterpillar, the Supreme Court explained:

       On occasion, the Court has concluded that the pre-
       emptive force of a statute is so "extraordinary" that
       it "converts an ordinary state common-law complaint

into one stating a federal claim for purposes of the
well-pleaded complaint rule." <u>Metro. Life Ins. Co.</u>,
<u>supra</u>, at 65, 107 S. Ct. 1542.  Once an area of state
law has been completely pre-empted, any claim
purportedly based on that pre-empted state law is
considered, from its inception, a federal claim, and
therefore arises under federal law.  <u>See</u> <u>Franchise Tax</u>
<u>Board</u>, <u>supra</u>, 463 U.S., at 24, 103 S. Ct., at 2854
("[I]f a federal cause of action completely pre-empts a
state cause of action any complaint that comes within
the scope of the federal cause of action necessarily
'arises under' federal law").

482 U.S. at 393 (footnote omitted).

The Supreme Court concluded the opinion in Caterpillar by

emphasizing that:

[T]he presence of a federal question . . . in a
defensive argument does not overcome the paramount
policies embodied in the well-pleaded complaint rule--
that the plaintiff is the master of the complaint, that
a federal question must appear on the face of the
complaint, and that the plaintiff may, by eschewing
claims based on federal law, choose to have the cause
heard in state court . . . A <u>defendant</u> cannot, merely
by injecting a federal question into an action that
asserts what is plainly a state-law claim, transform
the action into one arising under federal law, thereby
selecting the forum in which the claim shall be
litigated.  If a defendant could do so, the plaintiff
would be master of nothing.  Congress has long since
decided that federal defenses do not provide a basis
for removal.

Id. at 398-99 (emphasis in original) (footnote omitted).

In the context of ERISA, the Supreme Court has held that

state-law claims seeking relief within the civil enforcement

provisions of ERISA, 29 U.S.C. § 1132(a), must be recharacterized

as arising under federal law, thus rendering them removable to

federal court. <u>Metro. Life Ins. Co.</u>, 481 U.S. at 67; <u>see also</u>
<u>Arana</u>, 338 F.3d at 437. Section 1132, titled "Civil
Enforcement," authorizes "a participant or beneficiary" to bring
a civil action "to recover benefits due to him under the terms of
his plan, to enforce his rights under the terms of the plan, or
to clarify his rights to future benefits under the terms of the
plan. . . ." 29 U.S.C. § 1132(a)(1)(B). When a claimant seeks
relief within the scope of § 1132, such claims are completely
preempted. <u>Metro. Life Ins. Co.</u>, 481 U.S. at 66; <u>accord</u> <u>Aetna</u>
<u>Health Inc. v. Davila</u>, 542 U.S. 200, 210 (2004).

    2.  <u>Conflict Preemption</u>

    Alternatively, ERISA may preempt state law causes of action
by way of conflict preemption, also known as ordinary preemption,
under 29 U.S.C. § 1144. <u>Arana</u>, 338 F.3d at 439; <u>Giles v. NYLCare</u>
<u>Health Plans, Inc.</u>, 172 F.3d 332, 337 (5th Cir. 1999). Conflict
preemption "arises when a federal law conflicts with state law,
thus providing a federal defense to a state law claim, but does
not completely preempt the field of state law so as to transform
a state law claim into a federal claim." <u>Arana</u>, 338 F.3d at 439.
State law claims that fall outside the civil enforcement
provisions of § 1132, even if preempted under § 1144, are
governed by the well-pleaded complaint rule and are not removable
on the basis of complete preemption. <u>Giles</u>, 172 F.3d at 337. In

such a case, the district court "lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved." Id. (citing Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 355 (3d Cir. 1995)).

C.   Application of the Foregoing Principles to This Case

Defendant tacitly admitted that its claims do not arise under the civil enforcement provision of ERISA found in § 1132(a)(1)(B) by its acknowledgment in footnote 41 that "the relevant analysis [here] is conflict preemption." Def.'s Br. at 9 n.41.   Relying on the provision in § 1144(a) that ERISA preempts "any and all State laws . . . insofar as they . . . relate to any employee benefit plan," defendant argues at length why plaintiff's claims relate to the "alleged improper processing of a claim for ERISA plan benefits" and are thus preempted by ERISA.   Id. at 9.   The court need not consider the merits of defendant's preemption argument, given the well-settled principle discussed above that conflict preemption pursuant to § 1144(a) fails to confer subject matter jurisdiction and requires remand of the action to state court.   Giles, 172 F.3d at 337.

The court also recognizes that under certain circumstances a healthcare provider such as plaintiff may sue under § 1132 as an assignee of claims by the individual members of an ERISA-regulated plan.   See, e.g., Lone Star Ob/Gyn Assocs. v.

8

<u>Aetna Health Inc.</u>, 579 F.3d 525, 529 n.3 (5th Cir. 2009).  Here, there is nothing before the court as would show that plaintiff has obtained any assignment of rights, or that it is suing on the basis of such an assignment, or that its claims are of the type that would invoke complete preemption pursuant to § 1132(a). However, the court is affording the parties the opportunity to provide whatever evidence and authorities they may have to support or oppose an argument that the court has jurisdiction based on the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a).

IV.

<u>Order</u>

Therefore,

The court ORDERS that by 2:00 p.m. on April 26, 2012, each party file a memorandum of argument and authorities, including any supporting evidence, on the issue of the court's subject matter jurisdiction over this case.

SIGNED April 23, 2012.

JOHN McBRYDE
United States District Judge